HENRY BOURGEOIS & AL

**7291**

VS

NO. 7291

LUTCHER & MOORE CYPRESS LUMBER CO.,

CHARLES F. CLAIBORNE, JUDGE.

April 8th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

The object of this suit is to have the defendant remove its railroad track from the lands plaintiffs allege they own.

The plaintiffs, fifteen in number, allege that Edmond Bourgeois Sr. in the year 1876, purchased a certain tract of land in the Parish of St. James fully described in their petition; that he died in the year 1912 leaving petitioners as his only heirs; that the defendant, did, without right and as a mere trespasser and with full knowledge thereof, erect tracks for hauling lumber on a part of their said property, as appears by a survey annexed to the petition and marked "B"; that the defendant has run its cars over said tracks continually for the last ten years and is still doing so, and has refused to pay for the use of said land or to remove its tracks therefrom. Plaintiffs therefore claim $500.00 for rental value of said lands, $500.00 for the illegal trespass, for an injunction prohibiting the defendants from running its cars on said lands, and ordering the defendant to remove its tracks therefrom.

Defendant denied that it had erected tracks on plaintiff's lands and averred that its railroad tracks were erected where they now stood, more than twelve years ago to the knowledge of Edmond Bourgeois Sr. and his heirs, and that it had been in the actual possession of said right of way during all of said period; that it had erected said tracks under the belief that the lands used were its property and it still believes so; that plaintiffs and their author stood by and permitted defendant to erect its tracks without objection and acquiesced in the same, and that they are estopped now from objecting in the event it be shown upon the trial that the

110

tracks are erected upon their lands; that the lands upon which the tracks are erected are in the swamps and valueless, and the compensation for their use should be only nominal. The defendant also pleaded the prescription of one, two, three, five, ten, *and twelve* years.

There was judgment recognizing plaintiffs as owners of the lands described in their petition, enjoining the defendant from entering said lands or running its cars upon them, and condemning it to pay twenty-five dollars to plaintiffs as rental *from judicial demand.*

In its reasons for judgment, the Court said; "But under the fourth paragraph of Article 508R.C.C. plaintiffs[+] are not entitled to demand the demolition of the railroad."

From this judgment the plaintiffs alone have appealed. The defendant has neither appealed nor asked for an amendment of the judgment, but on the contrary has asked that it be affirmed.

It will thus be seen that there is no question of title involved here. The defendant does not contest plaintiffs' title, and it admits that its tracks are upon plaintiffs' lands.

The sole question involved is how much of defendant's tracks are upon plaintiffs' lands. To answer this question of fact two surveys and sketches have been made, one by Henry Landry, C.E. at the request of John E. Bourgeois, sometime in August 1914, and the other by D.F.Woods, C.E. signed by Frank T. Payne, dated December 14 1914 filed by the defendant and marked"D-A". According to the sketch of Henry Landry defendant's tracks cover, as alleged in plaintiff's petition, fifty-three one hundredths(53/100) acres; according to Payne's sketch, adopted by the Judge of the District Court "defendant's railroad track crosses a small corner of plaintiffs' land occupying about EOght one thousandths(8/1000) of an acre." , or 336-9/10 square feet.

Examined as a witness Woods swears that his survey is taken

from Government notes and that it is correct.

Landry, as a witness, is asked concerning his own survey.
Q. Please state which of the two surveys is the correct one?
A. Mr.Payne's survey appears, from the way he has located his
corners and checked up with the old grate bars on the eighty
arpent line, to be correct. As I did not find any of the
corners, I could not say that my survey is correct. xx I
signed the survey in question because I assumed that the north
west corner at the old grate bar was correct. I did not allow
Mr. Bourgeois, the plaintiff herein, to sue without giving
him to understand that there was a possible chance of that
corner where the old grate bar is ( northwest corner of Sec-
tion 81) as being the wrong corner. I went over Mr.Payne's
survey with Mr. Charles Frey, another engineer employed by
Mr. Bourgeois, and I suppose he advised them of our decision."

In a letter dated October 16th.1914 by H.E.Landry to
Henry Bourgeois he writes that the acreage of the Lutcher and
Moore Railraad right of way is 53/100 acres.

In his testimony, he is asked to say whether that is cor-
rect. He says: "No. It should be 53/1000ds of an acre instead
of 53/100ds."

With the judge of the District Court we are bound to decide
in favor of the correctness of the survey made by E.F.Woods.

The evidence was closed on November 19. On the same day,
plaintiffsmoved the Court to appoint a third engineer to sur-
vey the lands. The Court refused to open the case or postpone
the trial for that purpose. We do not see that the Court abused
its discretion.xx

The defendant introduced in evidence a contract dated
May 5 1906 signed by Edmond Bourgeois by which he sold to
Leon Weil and others the timber upon 81 acres of land adjoin-
ing the swamp lands of Lutcher & Moore Co. giving them two
years time to get it out. At the end of the contract are the
words: "Right of way of R.R. excepted." This document was in-
troduced for the object of showing " that the track had been

112

ɔuilt with the consent and approval of Adam (Edmond) Bourgeois the author of plaintiffs." Upon objection, the document was admitted on the question of damages only. To this ruling no objection was made. It is evident that upon the date of that contract the railroad track had already been constructed. It cannot therefore prove whether the track was originally constructed in good or bad faith. There is no proof that any one of the other plaintiffs *was* aware that the tracks were laid upon the lands owned by them until the date of Landry's survey in August 1914. In view of the fact that the land occupied by defendant's tracks is very small in area, and of very little rental value, and lies in the swamps, and is not susceptible of being rented, we think that the judgment in favor of plaintiffs for twenty-five dollars has done justice to the plaintiffs.

The learned judge of the District Court found that the defendant had acted in good faith and *acted* only in error in laying its tracks, and that therefore under § 4 of Article 508 of the Civil Code it could not be ordered to remove its tracks. But assuming that Article 508 applies to the issues of this case, the Supreme Court has decided that a party in a position similar to the defendant was in constructive legal bad faith and was not entitled to the rights of a possessor in good faith. In Vaccaro v. Pignolo 130 La. 162 the Court decided that a party who takes possession of lands beyond the limits of his title is "As a matter of law a possessor in bad faith."

A plaintiff may require a possessor in bad faith to remove works and constructions he may have put upon the land. 109 La. 638; 115 La.928; 131 La.662 (666); 33A.752.

It is therefore ordered that the judgment herein appealed from be amended by decreeing that the defendant the Lutcher-Moore Cypress Lumber Company be ordered to remove its tracks from the property of plaintiffs described in the petition herein in in so far as the said tracks appear to be constructed upon plaintiffs' lands by the survey made by E.F.Woods, C.E. dated

113

December 14 1914 signed by Frank T. Payne and filed herein as document "D-A". Said removal to be made within three months from the time this judgment becomes final; and that upon the failure of the defendant so to remove said tracks, that a writ issue from the District Court commanding the Sheriff so to do at the cost of the defendant.

It is further ordered that, as thus amended, the judgment appealed from be affirmed, at the cost of the defendant in both courts.

April 8 1918